UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HARDIAL SINGH,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-648

Hon. Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.31.)

In an order entered on February 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on March 4, 2026, (ECF No. 4), and Petitioner filed his reply on March 8, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of India. (Notice to Appear (NTA), ECF No. 4-1, PageID.53.) Petitioner entered the United States on April 23, 2015, at or near Hidalgo, Texas, without inspection. (*Id*.) Thereafter, Department of Homeland Security (DHS) agents encountered Petitioner, and at that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(7)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (*Id*.) In an order entered on July 7, 2015, an immigration judge ordered that Petitioner be released from custody under a bond of $8,000. (Order of the Immigration Judge with Respect to Custody, ECF No. 4-2, PageID.56.) Petitioner subsequently applied for asylum and withholding of removal. (*See* Oral Decision of the Immigration Judge, ECF No. 4-4, PageID.62.) Prior to Petitioner's present detention, he resided in California. (Pet., ECF No. 1, PageID.9.)

On August 27, 2021, an immigration judge denied Petitioner's application for asylum and withholding of removal. (*Id*., PageID.78; Order of the Immigration Judge, ECF No. 4-3, PageID.60.) The immigration judge also ordered that Petitioner be removed to India. (Oral Decision of the Immigration Judge, ECF No. 4-4, PageID.78.) Petitioner filed an appeal with the Board of Immigration Appeals (BIA). (Case Information, ECF No. 4-6, PageID.88.)

On October 29, 2025, Petitioner was extradited to Jackson, Michigan, and arrested by state law enforcement officers for an unspecified drug violation. (Form I-213, ECF No. 4-5, PageID.84.) ICE agents received notice of that arrest, and on December 6, 2025, ICE agents took Petitioner into custody. (*Id*., PageID.82, 84.) On February 24, 2026, the BIA dismissed Petitioner's appeal of his removal order. (Case Information, ECF No. 4-6, PageID.88.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

Respondents presented evidence that indicates Petitioner received an order of removal on August 27, 2021, and that his appeal to the BIA was dismissed on February 24, 2026. (Case Information, ECF No. 4-6, PageID.87–88.) Respondents argue that Petitioner is subject to an administratively final order of removal and that he is properly detained pursuant to 8 U.S.C. § 1231. Petitioner does not dispute, or even acknowledge, Respondents' claim that Petitioner is subject to an administratively final order of removal. Petitioner likewise does not address Respondents' argument that Petitioner is properly detained under 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). "The removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *Id*. § 1231(a)(1)(B)(i)–(iii). An order

3

of removal "shall become final upon the earlier of . . . a determination by the Board of Immigration Appeals affirming such order; or . . . the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B)(i)–(ii).

Here, as noted above, Petitioner received a final order of removal on August 27, 2021, and his appeal to the BIA was dismissed on February 24, 2026. (Case Information, ECF No. 4-6, PageID.87–88.) Therefore, Petitioner's order of removal became final on February 24, 2026. *See* 8 U.S.C. § 1101(a)(47)(B)(i)–(ii). Furthermore, there is no indication in the record before the Court that Petitioner's removal order is the subject of judicial review, *see id.* § 1231(a)(1)(B)(ii), or that Petitioner was detained or confined for any reason other than under an immigration process after February 24, 2026, *see id.* § 1231(a)(1)(B)(iii). Therefore, Petitioner's removal period began on February 24, 2026, when the BIA dismissed his appeal. *See id.* § 1231(a)(1)(B). Because the 90-day removal period following the order has not expired, Petitioner is properly detained pursuant to § 1231(a).

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated: March 23, 2026                                   /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        CHIEF UNITED STATES DISTRICT JUDGE

4